IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KATIE ALLSHOUSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:05-cv-403-DRH |
| ) | |
| JBL LIMITED, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on the Motion for Order to Conduct a F.R.C.P. Rule 35 Mental Examination filed by the Defendant, JBL Limited, on January 18, 2006 (Doc. 20). For the reasons set forth below, the motion is **GRANTED**.

**BACKGROUND**

The Plaintiff, Katie Allshouse, alleges in her complaint that she was employed by the Defendant from May 5, 2003 to June 23, 2004. She asserts that during her employment, her supervisor, Kelly Etter, sexually harassed her and created an abusive and hostile work environment. She also alleges that she was discriminated against because of her religion and that she was retaliated against for complaining about the harassment and discrimination.

The Plaintiff states that as a result of this harassment and discrimination, she suffered "mental anguish" in addition to other damages. She also has alleged, as Count II, the intentional infliction of emotional distress that has resulted in continuing and perhaps permanent medical treatment. The Plaintiff seeks compensatory and punitive damages.

On January 17, 2006, this Court held a telephonic conference on the Defendant's request for a mental examination of the Plaintiff. In light of the arguments presented during that conference, the Court instructed to parties to file briefs on the matter.

**DISCUSSION**

Federal Rule of Civil Procedure 35(a) states that:

> When the mental or physical condition . . . of a party . . . is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control.  The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the times, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

The Defendant asserts that the Plaintiff's mental condition has been placed in controversy because she is making a claim for the intentional infliction of emotional distress.  The Defendant further asserts that good cause exists because the Plaintiff is alleging an on-going claim and because she will be calling two physicians to attest to her mental/emotional condition.  Finally, the Defendant indicates that a day-long examination will be conducted by Dr. Stillings in St. Louis, Missouri, in February, 2006, and that it will encompass a review of the Plaintiff's medical records, basic mental and physical exams, and an examination with verbal and written questions.

The Plaintiff makes a number of objections.  First, she objects to the timing of the Defendant's motion and any extension in the discovery deadlines that it might entail.  Second, she states that the attorneys in this case had an agreement whereby Plaintiff would not request an extension of expert disclosures and Defendant would not retain an expert.  Third, she states that the Defendant has not shown good cause because the only evidence the Plaintiff will introduce is her own testimony and that of two doctors who may testify to her stress and panic attacks. Fourth, she states that the Defendant has failed to set forth the parameters of the exam. Fifth, she argues that the examination is "improper and outrageous" because of the length and the lack of

parameters.  Finally, the Plaintiff objects to Dr. Stilling himself.  She accuses him of being rude and abrupt and states that, if the motion is granted, he "will be able to cross-examine and brutally question plaintiff for a period of seven or eight hours."

By asserting a claim for intentional infliction of emotional distress, the Plaintiff necessarily has placed her mental condition in controversy.  See Schlagenhauf v. Holder, 379 U.S. 104, 119 (1964) ("A plaintiff in a negligence action who asserts mental or physical injury . . . places that mental or physical injury clearly in controversy and provides the defendants with good cause for an examination to determine the existence and extent of such asserted injury." (citation omitted)).  This conclusion is compounded by the Plaintiff's assertion that she suffered mental anguish as a result of the Defendant's conduct and that she continues to suffer mental distress that will require future medical treatment.  The Defendant is not required to rely solely on the Plaintiff's witnesses assessment of her mental condition and any future treatments that may be required.  The Plaintiff's arguments do not appear to challenge this conclusion but rather are arguments that are made in furtherance of a protective order.[1]  She claims that the proposed examiner may be abusive and that the examination procedure in itself is oppressive.

Federal Rule of Civil Procedure 26(c) provides for the entry of a protective order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense."

---

[1] The Plaintiff's argument that she is not presenting expert testimony to support her claims are without merit.  Merely because the Plaintiff believes that expert testimony may not be required to support her claim does not mean that the Defendant cannot rely on expert testimony to defend against those claims.  In addition, the Plaintiff's claim that the Defendant's motion is untimely is also without merit.  The Defendant contacted chambers with this discovery dispute on January 13, 2006.  The deadline for the submission of the Defendant's expert report was January 27, 2006.  Had the dispute not arisen, this Court cannot conclude that the Defendant would not have been able to provide its expert report by the deadline.

However, the Plaintiff has not specifically sought, or shown good cause, for a protective order. Litigation is sometimes an unpleasant experience. Litigants oftentimes have to divulge information that is otherwise private and sometimes have to undergo procedures and examinations to support and defend claims. Each of the assertions made by the Plaintiff's attorney in the response to this motion are unsupported by the record. The response does not include any affidavit or even a statement from the Plaintiff herself that would indicate that the examination proposed by the Defendant is unreasonable or unduly oppressive. Rule 35 merely requires notice of the time, place, manner, conditions, and scope of the examination. The Defendant has provided this information. The Court further assumes, especially in light of the lack of evidence to the contrary, that Dr. Stilling will perform only necessary examinations and that these examinations will be conducted in a professional manner.

In light of the above ruling, the schedule in this case requires adjustment. The Defendant shall perform the Rule 35 examination by March 20, 2006. The Defendant **SHAL**L serve the report generated by Dr. Stilling by March 31, 2006. The Plaintiff **SHALL** depose Dr. Stilling by April 24, 2006. The discovery deadline is **RESET** to **May 9, 2006.** The dispositive motion filing deadline is **RESET** to **May 24, 2006.** The presumptive trial month is **RESET** to **September, 2006.**

CONCLUSION

For the reasons set forth above, the Motion for Order to Conduct a F.R.C.P. Rule 35 Mental Examination filed by the Defendant, JBL Limited, on January 18, 2006 is **GRANTED** (Doc. 20). As indicated above, the discovery deadline is **RESET** to **May 9, 2006,** the dispositive motion filing deadline is **RESET** to **May 24, 2006**, and the presumptive trial month is **RESET** to **September, 2006.**


**DATED: March 1, 2006**

                                                 **s/ Donald G. Wilkerson**
                                                 **DONALD G. WILKERSON**
                                                 **United States Magistrate Judge**